Peelle, J.,
delivered the opinion of the court:
The claimant seeks to recover the sum of $186.43, being the difference between the pay of a paymaster, United States Navy, on shore duty during the first five years after date of commission provided by Revised Statutes, section 1556 ($2,400), and the act of March 3, 1899 (30 Stat. L., 1004, chap. 413), from September 2 to December 31, 1899.
By Revised Statutes, section 1475, as amended by section 7, act March 3, 1899 (supra), paymasters in the United States Navy rank either as lieutenants or as lieutenant-commanders, according to the date of their commissions, while by Revised *24 Statutes, section 1466, their relative lineal rank is either with captains or majors in the United States Army.
It .appears from the Navy Register for 1900, page 54, that the claimant’s naval rank is that of lieutenant, and that being so his relative or corresponding rank to an army officer is that of captain.
Section 13, act of March 3, 1899 (supra), provides:
“That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of' the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty; but this provision shall not apply to warrant officers commissioned under section twelve of this act: Provided further, That when naval officers are detailed for shore duty bejmnd seas they shall receive the same pay and allowances as are or may be provided bjr or in pursuance of law for officers of the Army detailed for duty in similar places: Provided further, That naval chaplains, who do not possess relative rank, shall have the rank of lieutenant in the Navy; and that all officers, including warrant officers, who have been or may be appointed to the Navy from civil life shall, on the date of appointment, be credited, for computing their pay, with five years’service. And all provisions of law authorizing the distribution among captors of the whole or any portion of the proceeds of vessels, or any property hereafter captured, condemned as prize, or providing for the payment of bounty for the sinking or destruction of vessels of the enemy hereafter occurring in time of Avar, are hereby repealed: Andprovided further, That no provision of this act shall operate to reduce the present pay of any commissioned officer now in the Navy; and in any case in Avhich the pay of such an officer would otherwise be reduced he shall continue to receive pay according to existing law: And provided further, That nothing in this act shall operate to increase or reduce the pay of any officer now on the retired list of the Navy.”
The Assistant Comptroller, in the case of Passed Assistant Paymaster Cheatham, construed that section of the act (VI Comp. Dec., p. 130) as conforming the pay of “commissioned officers of the line of the Nairy and of the Medical and Pay Corps ” to the pay of officers in the Army of corresponding rank after June 30, 1899. That is to say, that if subsequent *25 to June 30, 1899, an officer in tbe Navy be promoted “ to a new grade having a higher rate of paj^ under the old law (section 1556) such higher rate of pay is not the ‘ present pay’ which the proviso quoted is designed to continue in force.”
But Congress, by the act of June 7,1900 (31 Stat. L., chap. 859, p. 697), making appropriations for the naval service for the fiscal year ending June 30, 1901, amended said section as follows:
“ Section thirteen of the act approved March third, eighteen hundred and ninety-nine, entitled ‘ An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps of the United States,’ is hereby so amended as to provide that nothing therein contained shall operate to reduce the pay which, but for the passage of said act, would have been received by any commissioned officer at the time of its passage or thereafter.”
The language of that amendment is sufficiently broad and comprehensive, and was doubtless intended to prevent any reduction in the pay of “commissioned officers of the line of the Navy, and of the Medical and Pay Corps,” to which they were entitled at the time of the passag-e of the act of March 3, 1899, or to which they might thereafter become entitled.
In other words, while • the purpose of that act as thus amended was to assimilate the pay of the officers of the Navy to that provided for officers of corresponding rank in the Army, it was also intended that, if by the provisions of the act the present or future pay of such officers would thereby be reduced, they were in such event to receive the pay provided under existing laws the same as though said act had never been passed.
Therefore, the claimant, who was a commissioned officer in the Pay Corps of the Navy at the time of the passage of the act, though promoted after June 30, 1899, to a new grade having a higher rate of pay, is clearly entitled to the shore pay provided by section 1556; and, upon that basis, having been paid from September 2 to December 31, 1899, but $606.90, when he should have been paid the sum of $793.33, he is entitled to recover the additional sum of $186.43, for which judgment is ordered to be entered.